UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENXING YUE,<br><br>                                    Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary, Department of Homeland Security; PAM BONDI, Attorney General, Executive Office for Immigration Review; TODD LYONS, Executive Associate Director of ICE Enforcement and Removal Operations (ERO); GREGORY ARCHAMBAULT, ICE Field Office Director; CHRISTOPHER J. LAROSE, Otay Mesa Senior Warden,<br><br>                                    Respondents. | Case No.: 26-cv-1328-JES-SBC<br><br>**ORDER:**<br><br>**(1) GRANTING COUNT THREE OF THE PETITION FOR WRIT OF HABEAS CORPUS; and**<br><br>**(2) DENYING AS MOOT COUNTS TWO AND THREE OF THE PETITION FOR WRIT OF HABEAS CORPUS, AND PETITIONER'S MOTION FOR APPOINTMENT OF INTERPRETER**<br><br>**[ECF Nos. 1, 3]** |

Before the Court is Petitioner Benxing Yue's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1, ("Pet."). Pursuant to the Court's Order to Show Cause, Respondents (the "Government") filed the Return, which expressed their non-opposition to Petitioner's request for a bond hearing. ECF No. 5, ("Ret."). The Court then took the matter under submission. For the reasons set forth below, the Court **GRANTS** Count Three of the Petition and **DENIES AS MOOT** Counts One and Two of the Petition.

1

# I.    BACKGROUND

On October 23, 2024, Petitioner, a Chinese national, entered the United States for the purposes of seeking asylum. Pet. ¶ 1. Petitioner was apprehended by immigration authorities upon entry and charged with entering the United States without inspection and being present without valid immigration documents, pursuant to 8 U.S.C. §§ 1182(a)(6)(a)(i) & (a)(7)(A)(i). *Id.* ¶-3. Respondents then initiated removal proceedings against Petitioner. *Id.* ¶ 36. Petitioner is currently detained at the Otay Mesa Detention Center. *Id.* ¶ 4.

After being detained, Petitioner sought to request a custody redetermination hearing before an Immigration Judge ("IJ") but was barred from doing so, in light of Board of Immigration Appeals' ("BIA") ruling in *Matter of Yajure Hurtado*. 29 I&N 216 (BIA 2025) (holding that 8 U.S.C. § ("Section") 1225(b)(2) applies to noncitizens like Petitioner, who an IJ lacks bond jurisdiction over). *Id.* ¶¶ 5, 37. Thus, any appeal to the BIA would be futile. *Id.* ¶ 37. While in custody, Petitioner applied for asylum, for which the proceedings are still ongoing. *Id.* ¶ 35.

Petitioner contends that he has been detained by Respondents since October 2024, and has not been provided a bond hearing, despite not being a danger to the community or a flight risk. *Id.* ¶¶ 1-5; ECF No. 1-2 at 6. Petitioner additionally contends that Respondents are detaining and seeking to transfer him regardless of the individual facts and circumstances of the case. Pet. ¶¶ 39-40. He contends further that Respondents are using the immigration detention system for punitive means. *Id.*

*Pro se* Petitioner filed the Petition on March 2, 2026.[1] Petitioner raises prolonged detention issues, seeking to be released, or at a minimum, be granted an individualized bond hearing. *See generally* Pet. Petitioner brings three grounds for his Petition, including violations of the INA; APA; and Fifth Amendment. *Id.*

//

---

[1] Since the filing of this Petition, an attorney has appeared on Petitioner's behalf on March 20, 2026, but at the time of filing his Petition, he was *pro se*. ECF No. 6.

3:26-cv-1328-JES-SBC

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    DISCUSSION

Petitioner argues that Respondents violate his due process rights by subjecting him to an unreasonable prolonged period of detention under Section 1225, without providing him with an individualized bond hearing. The following issues have been addressed by the undersigned in the undersigned's recent decision, *Sandesh v. LaRose*, No. 26-CV-0846-JES-DDL, 2026 WL 622690, at *1-6 (S.D. Cal. Mar. 5, 2026). The Court, therefore, elects to follow its rationale stated in *Sandesh* and incorporates it by reference. *Id*.

### A.    Jurisdiction

Although Respondents do not challenge jurisdiction, the Court, *sua sponte*, addresses whether it may hear this Petition.

The Court finds that Section 1252's jurisdiction stripping provisions do not bar it from considering this Petition. Moreover, the BIA's precedential decision in *Matter of Yajure-Hurtado* stripped IJs of bond jurisdiction over noncitizens. *See* 29 I&N Dec. at 218-20. Thus, 28 U.S.C. § 2241's prudential administrative exhaustion requirement is excused as imposing would be futile. The Court, therefore, finds further that it has jurisdiction to

3:26-cv-1328-JES-SBC

hear this Petition. *See Martinez Lopez v. Noem et al.* No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025).

## B.  Petitioner is Properly Detained Under Section 1225

Petitioner argues that Section 1226, which entitles noncitizens to a bond hearing, governs his detention. Pet. ¶ 6. Therefore, Respondents' refusal to provide him with a bond hearing, resulting in his further continued detention, forms the basis for which he seeks habeas relief. *Id.* ¶ 31-33. The Court agrees with Petitioner in that the length of his detention is troubling. However, the Court disagrees that Section 1226 governs his detention.

The Government did not oppose the Petition, thus, it did not provide any information regarding which statute Petitioner is detained under. ECF No. 5. But according to Petitioner's allegations, he entered the United States unlawfully, was immediately apprehended at the border, and was not granted any form of parole. Pet. ¶¶ 1-2, 5. Thus, the Court finds that it is appropriate for Petitioner to be detained under Section 1225(b). *See Sandesh*, 2026 WL 622690, at *2; *see also* 8 U.S.C. § 1225(a)(1) (governing the detention of "[a]n alien present in the United States who has not been admitted or who arrives in the United States []whether or not at a designated port of arrival").

## C.  The *Banda* Factors Weigh in Favor of Ordering a Bond Hearing

This Court, along with numerous others within this Circuit, have found that prolonged mandatory detention, at some point, will raise due process considerations. *Sandesh*, 2026 WL 622690, at *2-3; *see also Maksin v. Warden, Golden State Annex*, No. 1:25-CV-00955-SKO (HC), 2025 WL 2879328, at *3 (E.D. Cal. Oct. 9, 2025). To determine whether a noncitizen's prolonged detention, under Section 1225, is unconstitutional, courts consider the following factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal."

*Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019). Accordingly, the Court now turns to apply the *Banda* test.

### (1)   Length of Detention

The first *Banda* factor, total length of detention, is "the most important factor." *Id.* "Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable" *Amado v. United States Dep't of Just.*, No. 25-CV2687-LL (DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (finding detention of thirteen months to weigh in favor of the petitioner); *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025) (finding that although "almost 12 months" detention was not dispositive, factor does weigh in favor of petitioner); *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025) ("The Court finds that Petitioner's detention for over 10 months without a bond hearing, in the context of the specific circumstances described above, has become unreasonable and violates due process."); *Tonoyan v. Andrews*, No. 1:25-CV-00815-SKO (HC), 2025 WL 3013684, at *4 (E.D. Cal. Oct. 28, 2025) ("Petitioner has been detained approximately 11 months. This period . . . qualifies as prolonged."); *Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019) ("In general, '[a]s detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing.'") (citation omitted).

Petitioner has been detained since October 23, 2024. Pet ¶ 2. As of the date of this action's filing, he will have been in custody for over 17 months. *Id*. While this factor itself is not dispositive, the length now is within the range such that this factor should weigh in favor of Petitioner because such a period of detention is longer than granted-relief petitioners in the aforementioned-cases. Thus, the first and most important *Banda* factor weighs strongly in favor of Petitioner.

//

//

//

### (2)   Likely Duration of Future Detention

The second *Banda* factor considers the "anticipated duration of all removal proceedings—including administrative and judicial appeals." *Banda*, 385 F. Supp. 3d at 1119.

"The usual removal process involves an evidentiary hearing before an immigration judge, and at that hearing an alien may attempt to show that he or she should not be removed." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). "If that claim is rejected and the alien is ordered removed, the alien can appeal the removal order to the Board of Immigration Appeals and, if that appeal is unsuccessful, the alien is generally entitled to review in a federal court of appeals." *Id*. Appealing an IJ's order of removal, generally, takes a long time. *See Banda*, 385 F. Supp. 3d at 1119 (finding appeal of removal order with the BIA and review in the Ninth Circuit may take up to two years or longer).

At this time, Petitioner's removal proceedings have not yet reached the final merits stage. Pet. ¶ 4.  Although he does not articulate this stance, it is reasonable to presume that if he received an unfavorable result in his asylum claim, he would likely file an appeal to the BIA. *Id*. And if the BIA affirmed the IJ's decision, he would also have an opportunity to appeal to the Ninth Circuit, prolonging the length of his detention even more. *Id.* Considering this, if faced with an adverse result, Petitioner has an even higher likelihood of future detention, for a longer period, than the petitioner in *Banda*. *See* 385 F. Supp. 3d at 1120. The petitioner there was already issued a final order of removal and immediately appealed to the BIA. *Id*. There, the *Banda* court concluded that, under those circumstances, this factor favored the petitioner. *Id*. The Court finds the same here.

### (3)   Conditions of Detention

For this *Banda* factor, "[t]he more that the conditions under which the noncitizen is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Id*. at 1119 (citation omitted). Petitioner contends that "Respondents are using the immigration detention system … as a means to punish individuals for asserting

rights under the Refugee Act." Pet. ¶ 40. Additionally, courts have recognized that the conditions at Otay Mesa Detention Center are "indistinguishable from penal confinement." *See Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 773 (S.D. Cal. 2020); *Amado*, 2025 WL 3079052, at *6. As the Government fails to raise any objection, the Court finds that this factor also weighs in favor of Petitioner.

### (4)    Delays Caused by the Detainee; and (5) Government

The fourth and fifth *Banda* factors look to the nature and extent of any delays in the removal proceedings caused by the petitioner and the Government respectively. *Banda*, 385 F. Supp. 3d at 1119-1120. There is no indication in the papers that either party caused any delays. Thus, the Court finds that both factors are neutral.

### (5)    Likelihood of Final Order of Removal

The sixth *Banda* factor looks to the likelihood that the removal proceedings will result in a final order of removal. *Id*. at 1120 ("In other words, the Court considers whether the noncitizen has asserted any defenses to removal."). Here, Petitioner applied for asylum upon arrival to the United States. Pet. ¶ 32. Petitioner has not yet had his final merits hearing in his immigration case, or any form of appeal. *Id*. ¶ 4. The Court is in no position to assess Petitioner's likelihood of success for this sought-after grant of relief. Thus, the Court finds this factor neutral.

In summary, at least three of the six factors weigh in favor of Petitioner, with the others being neutral. The Court, therefore, concludes that Petitioner's detention for nearly a year and a half, under Section 1225(b), has become unreasonable. Accordingly, due process requires the Government to provide him with an individualized bond hearing. *See Sandesh*, 2026 WL 622690, at *2-3; *see also Banda*, 385 F. Supp. 3d at 1117-20.

//
//
//
//
//

7

3:26-cv-1328-JES-SBC

**D.      Due Process Requirements for a § 1225(b) Bond Hearing**

Petitioner contends that his "unreasonably prolonged detention, under 8 U.S.C. § 1225(b), without an individualized bond hearing violates due process. Pet. at 1. The Court agrees. In *Sandesh*, the Court held—and does so here—that the proper standard at a bond hearing ordered after a prolonged detention was found to violate the Fifth Amendment, requires the Government to show, by clear and convincing evidence, that the detainee is a flight risk or poses a danger to the community. 2026 WL 622690, at *2-3; *Singh v. Holder*, 638 F.3d 1196, 1200, 1203, 1208 (9th Cir. 2011).

It is imperative that the set forth legal standard is applied by the IJ to properly effectuate this Court's order for a constitutionally sufficient bond hearing. Doing so protects noncitizens', like Petitioner, critical liberty interest and due process rights. *See, e.g, Banda*, 385 F. Supp. 3d at 1120; *Belqasim v. Bostock*, No. 2:25-CV-01282-LK-TLF, 2025 WL 3466971, at *10 (W.D. Wash. Oct. 28, 2025); *Gao*, 805 F. Supp. 3d at 1112.

## IV.  CONCLUSION

For the reasons discussed above, the Court **ORDERS** the following:

(1)      The Court **GRANTS** Count Three of the Petition Writ of Habeas Corpus and **DENIES AS MOOT** Counts Two and Three of the Petition.

(2)      The Court **ORDERS** Respondents to provide Petitioner with an individualized bond determination hearing within **ten days** of this Order.

    a.  At the hearing, the government **SHALL BEAR** the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk, if released.

    b.  The IJ **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate.

    c.  Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel.

//

//

(3)   Respondents are **ORDERED** to File a Notice of Compliance within **five days** of providing Petitioner with the bond hearing, including apprising the Court of the results of the hearing.

(4)   On March 2, 2026, Petitioner filed a Motion for Appointment of Interpreter. ECF No. 3. As the Court has granted the Petition, this motion is **DENIED AS MOOT**.

(5)   The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: April 7, 2026

Honorable James E. Simmons Jr.
United States District Judge

3:26-cv-1328-JES-SBC